UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-81334-CIV-ROSENBERG/OTAZO-REYES
(Case No. 17-80056-CR-ROSENBERG)

DANTE DUVAIL HALL,

    *Pro se* Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *Pro se* Movant Dante Duvail Hall's ("Movant" or "Hall") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Motion to Vacate") [D.E. 1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robin L. Rosenberg, United States District Judge [D.E. 14]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Vacate be DENIED.

## THE UNDERLYING CRIMINAL CASE

On April 5, 2017, Hall was charged by way of Indictment in Case No. 17-80056-CR-ROSENBERG (hereafter, "Case 17-80056") with the following offenses:

    Count 1:    Possession of a firearm and ammunition by a convicted felon on September 18, 2016, in violation of 18 U.S.C. § 922(g)(1).

    Count 2:    Possession of a firearm and ammunition by a convicted felon on November 3, 2016, in violation of 18 U.S.C. § 922(g)(1).

See Indictment [Case 17-80056, D.E. 1].

On April 10, 2017, Hall made his initial appearance and Assistant Federal Public Defender

Neison Max Marks ("AFPD Marks") was appointed to represent him pursuant to the Criminal Justice Act ("CJA") [Case 17-80056, D.E. 3, 4].

On July 7, 2017, Hall pled guilty to Counts 1 and 2 of the Indictment, pursuant to a plea agreement. See Minute Entry [Case 17-80056, D.E. 20]; Plea Agreement [Case 17-80056, D.E. 21]; Acknowledgment of Offense Elements and Stipulation as to Factual Basis for Guilty Plea (hereafter, "Stipulated Facts") [Case 17-80056, D.E. 22].

In the Plea Agreement, the government agreed to recommend a three-level reduction to the applicable sentencing guideline level and to further recommend that Hall be sentenced at the low end of the computed guideline range. See Plea Agreement [Case 17-80056, D.E. 21 ¶ 6]. The Plea Agreement also included the following provision, which resolved all of Hall's federal criminal liability in the Southern District of Florida for a specified period of time:

> The Defendant agrees to plead guilty to Counts 1 and 2 of the indictment, which charge the Defendant with Unlawful Firearm Possession by Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1). The Defendant agrees and understands that the above charges involve the Defendant's conduct on or between September 18, 2016 and February 19, 2017 for the unlawful possession of firearms by a convicted felon. This agreement resolves the Defendant's federal criminal liability in the Southern District of Florida stemming out of any criminal conduct by the Defendant known to this Office, as of the date of this plea agreement, including but not limited to the above-described scheme.

Id. ¶ 7. The Plea Agreement also included a provision whereby Hall waived the right to appeal his sentence (hereafter, "Appeal Waiver"). Id. ¶ 10.

In the Stipulated Facts, Hall agreed that the following facts were "true and accurate" and that the United States "could prove" them against him at trial: "HALL is prohibited from possessing a firearm because he is a convicted felon and has not had his civil rights restored. His convictions include carrying a concealed firearm and delinquent in possession of a firearm (2008), robbery (2011), and armed trespass and felon in actual possession of a firearm (2013)." See

Stipulated Facts [Case 17-80056, D.E. 22 at 1, 5].

During the course of the change of plea hearing, United States Magistrate Judge Dave Lee Brannon ("Magistrate Judge Brannon)" thoroughly covered with Hall the terms of his Plea Agreement and the facts set forth in the Stipulated Facts. See Transcript of Change of Plea Hearing (hereafter, "Plea Transcript") [D.E. 8]. With regard to the Plea Agreement, Judge Branon asked Hall, "Any questions at all about the plea agreement, sir?" to which Hall responded, "No, sir." See Plea Transcript [D.E. 8 at 27]. With regard to the Stipulated Facts, Judge Brannon asked Hall, "So I'll just ask you one more time. Is there anything at all that needs to be changed?" to which Hall responded, "No, sir." Id. at 30. Judge Brannon also asked Hall, "Are you pleading guilty of your own free will because you are, in fact, guilty?" to which Hall responded, "Yes, sir." Id. at 31.

On September 20, 2017, Hall was sentenced to a term of imprisonment of 77 months, as to each of Counts 1 and 2, to run concurrently with each other. See Judgment [Case 17-80056, D.E. 33]. This sentence reflected the recommended three-level reduction and fell at the low end of the computed guideline range, which was 77 to 96 months. See Presentence Investigation Report [Case 17-80056, D.E. 29 at 7, 22]. As shown in the docket for Case 17-80056, Hall did not appeal his sentence.

On August 13, 2019, Hall signed under penalty of perjury the Motion to Vacate, which was filed in the Court docket on September 30, 2019. See Motion to Vacate [Case 17-80056, D.E. 41]. On August 16, 2019, Hall signed an Affidavit in Support of Petition for 2255 pursuant to 28 U.S.C. § 1746 (hereafter, "Affidavit") averring that "All Statements are true to the best of my recollections[,]" which Affidavit was filed in the Court docket on August 21, 2019  See Affidavit [Case 17-80056, D.E. 40].

## THE MOTION TO VACATE

Hall's Motion to Vacate lists the following grounds:

GROUND ONE:   Ineffective assistance of counsel during critical stages of the criminal proceedings.

GROUND TWO:   Conviction obtained from a guilty plea that was not knowingly (sic), voluntarily (sic) or intelligent.

GROUND THREE:   Rule 11 violations.

GROUND FOUR:   Petitioner asserts that he is factually innocent of the charges.

See Motion to Vacate [D.E. 1 at 4-8].

The Motion to Vacate is predicated on the United States Supreme Court's June 21, 2019, ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019). See Motion to Vacate [D.E. 1 at 11] (stating that the claims in the Motion to Vacate are timely because the date when they could be presented came after Rehaif). Title 28, United States Code, Section 2255(f) imposes a one-year limitations period for filing a motion under 28 U.S.C. § 2255, which runs from the latest of, *inter alia*, "the date on which the judgment of conviction became final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court . . . ." See 28 U.S.C. § 2255(f)(1) & (3). Hall's Motion to Vacate may be deemed timely only to the extent it is predicated on Rehaif, given that Hall filed it within one year of issuance of the Rehaif opinion but more than one year after the Judgment. Id.[1]

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and

---

[1] However, Hall's Motion to Vacate may be untimely if Rehaif: (1) only "clarified" the government's burden of proof rather than announce a "new rule of constitutional law"; or (2) "was not made retroactive to cases on collateral review by the Supreme Court." See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Because these issues are not settled, the undersigned does not recommend dismissal of the Motion to Vacate for untimeliness.

4

that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. As noted above, Hall pled guilty to two counts of violation of 18 U.S.C. § 922(g)(1). The Supreme Court's ruling in Rehaif, "reversed a line of cases in [the Eleventh] Circuit holding that the government did not have to prove that the defendant had knowledge of his unlawful status." United States v. Haynes, 798 F. App'x 560, 564 (11th Cir. 2020) (citations omitted).

On October 9, 2019, the Honorable Lisette M. Reid, United States Magistrate Judge ("Magistrate Judge Reid") issued an Order for Supplemental Declaration and Documents, finding that Movant's conclusory claims of ineffective assistance of counsel did not meet the heightened pleading requirements of Rule 2 of the Rules Governing § 2255 Proceedings, were insufficient under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and did not entitle Movant to an evidentiary hearing. See Order for Supplemental Declaration and Documents [D.E. 5]. Specifically, Magistrate Judge Reid found Movant's factual allegations in support of this claim to be "sparse, vague, and somewhat unclear" since Movant merely appeared to allege that "[t]rial counsel failed to note an appeal after I requested him to do after sentencing [sic]." Id. at 2 (alterations in original) (citing Motion to Vacate [D.E. 1 at 4]). Accordingly, Magistrate Judge Reid directed Movant to supplement the Motion to Vacate with specific, sworn facts and documentary evidence of his communications with counsel "with respect to potentially filing a direct appeal." Id. Movant was cautioned that failure to comply would result in dismissal of the case, or in dismissal of [Ground One] as insufficiently plead." Id. at 3. On January 21, 2020, after Movant did not comply with her initial order, Magistrate Judge Reid issued a Second Order for Supplemental Declaration and Documents [D.E. 11]. Movant again failed to comply.

5

## APPLICABLE LAW

### 1. *Compliance with Court Orders.*

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id. "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted); accord Gratton v. Great American Communications, 178 F .3d 1373, 1374 (11th Cir. 1999); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citing State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982)).

### 2. *Ineffective assistance of counsel.*

A claim for ineffective assistance of counsel under 28 U.S.C. § 2255 is subject to the two-pronged test set out in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. Id. at 687.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. at 690. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. "Because of the difficulties inherent in making the evaluation, a

6

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "In reviewing counsel's performance, a court must avoid using 'the distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'" Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (citing Strickland, 466 U.S. at 689). In order for counsel's performance to be considered unreasonable, it must be such that "no competent counsel would have taken the action that . . . counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted) (citing Holladay v. Haley, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)). "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger" and the challenged actions may be considered sound strategy. Chandler, 218 F.3d at 1316 (footnote omitted) (citing Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)); see also Strickland, 466 U.S. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one. Id. at 697. The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between."

Chandler, 218 F.3d at 1313 (alteration omitted) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)).  The burden of persuasion on the movant is preponderance of the evidence. Chandler, 218 F.3d at 1313.

### 3. *Guilty pleas and Federal Rule of Criminal Procedure 11 (hereafter "Rule 11").*

Rule 11 provides, in pertinent part:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court.  During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Fed. R. Crim. P. 11(b)(1). Rule 11 further provides: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

### 4. *Procedural default and actual innocence.*

The procedural default rule generally provides that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998)). The Supreme Court further teaches that, "in appropriate cases the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." Murray v. Carrier, 477 U.S. 478, 495 (1986) (alteration and internal quotation marks omitted) (citing Engle v. Isaac, 456 U.S. 107, 135 (1982)). According to the Supreme Court, while most "victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard[,]" federal habeas relief may be granted absent a showing of cause for the procedural default in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." Murray, 477 U.S. at 495-96. To establish actual

9

innocence, a habeas petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, "actual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

## DISCUSSION

The undersigned first addresses Hall's failure to comply with Magistrate Judge Reid's Orders, which failure provides grounds for not conducting an evidentiary hearing and potentially denying the Motion to Vacate. The undersigned then proceeds to analyze the substance of Hall's claim of ineffective assistance of counsel in Ground One. With regard to Grounds Two, Three and Four, the undersigned notes the government's contention that they are barred by procedural default but considers them on the merits. After this analysis, the undersigned concludes that the Motion to Vacate should be denied.

### A. *Hall's failure to comply with Magistrate Judge Reid's Orders*

As previously noted, Magistrate Judge Reid twice directed Hall to supplement the Motion to Vacate with specific, sworn facts and documentary evidence, but Hall wholly failed to comply. Thus, Hall's claim of ineffective assistance of counsel in Ground One, and his ancillary claims in Grounds Two, Three and Four, remain conclusory. Accordingly, Hall is not entitled to an evidentiary hearing on his Motion to Vacate. See Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (A habeas petitioner is not entitled "to an evidentiary hearing when his claims are merely 'conclusory allegations unsupported by specifics . . . .'") (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Hall's non-compliance with Magistrate Judge Reid's Orders, despite her admonitions, also exposes him to dismissal of his Motion to Vacate. Moon, 863 F.2d at 837. Rather than recommend

dismissal on these grounds, however, the undersigned addresses Hall's claims below.

### B. Hall's claim of ineffective assistance of counsel in Ground One.

As the basis for his claim of ineffective assistance of counsel, Hall alleges that:

> Counsel impaired me from presenting a defense. . . . Counsel did not give me correct advice during the plea proceedings; counsel failed to inform me of the correct elements of the charges that I agreed to admit guilt and waive my rights to a Jury trial. Counsel failed to note an appeal after I requested him to do after sentencing. Counsel did not conduct a reasonable investigation.

See Motion to Vacate [D.E. 1 at 4]. Hall further alleges that:

> Counsel failed to conduct a reasonable investigation into potential defenses which would have allowed Petitioner to subject the government's case to adversial (sic) testing. Petitioner submits that had counsel not been precluded by erroneous precedent he would have went to trial and sought an evaluation into his state of mind during the occurence (sic) of the crimes. Petitioner avers that because counsel informed him that the crimes were not specific intent crimes, there was no mens rea elements to negate. Mr. Hall avers that because he suffered from trauma, had he been correctly advised of the elements he would have sought an expert opinion in aide (sic) of his actions. Which would have also supported his potential defenses had he been advised of the mens rea.

Id. at 13.

Thus, Hall appears to contend that AFPD Marks rendered ineffective assistance of counsel because he failed to conduct a reasonable investigation and relied on the pre-Rehaif interpretation of 18 U.S.C. § 922(g)(1), namely, "that the government did not have to prove that the defendant had knowledge of his unlawful status." Haynes, 798 F. App'x at 564. However, this does not constitute deficient performance on the part of AFPD Marks because, under well-established Eleventh Circuit law, "an attorney's failure to anticipate a change in the law [does not] constitute[] ineffective assistance of counsel." United States v. Ardely, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J., concurring) (citing Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.") (alteration,

11

internal quotation marks, and citations omitted); Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.") (citing Proffitt v. Wainwright, 685 F.2d 1227, 1250 n.34 (11th Cir. 1982)).  Moreover, Hall's apparent attempt to circumvent this result by arguing that AFPD Marks failed to conduct a reasonable investigation is equally meritless.  See Pelmer v. White, 877 F.2d 1518, 1523 (11th Cir. 1989) ("Because law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance.") (citing Engle, 456 U.S. at 133-34).

Hall also claims in Ground One that he asked AFPD Marks to file an appeal after sentencing.  As found by Magistrate Judge Reid, this bare allegation, without specific, sworn facts and documentary evidence of Hall's communications with counsel, is insufficient to satisfy the Strickland standard for ineffective assistance of counsel.

Hall's failure to establish the deficient performance prong is fatal to his claim of ineffective assistance of counsel.  Strickland, 466 U.S. at 697 (Courts need not address both performance and prejudice prongs if movant "makes an insufficient showing on one" of the two prongs.). Regardless, the undersigned finds that Hall has not established prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different.  Id. at 694.  Hall essentially claims that, had he been informed of the post-Rehaif knowledge of status requirement, he would not have entered a guilty plea and would not have waived trial.  However, the government was prepared to prove at trial that Hall's DNA was the major DNA profile matching the swabs of the firearms that Hall was charged with possessing.  See Stipulated Facts [Case 17-80056, D.E. 22 at 3-4] (the chance of an unrelated random person's DNA matching the swabs would be approximately 1 in 2.7 quintillion).  The

government was also prepared to prove at trial Hall's prohibited status based on three prior felony convictions.  Id. at 5 (Hall's prior convictions consisted of "carrying a concealed firearm and delinquent in possession of a firearm (2008), robbery (2011), and armed trespass and felon in actual possession of a firearm (2013)."). Based on these multiple convictions, the government would have had no difficulty in proving the knowledge of status requirement.  Finally, the government was also prepared to prove at trial that, in both instances underlying the felon-in-possession charges, Hall attempted to flee. Id. at 2-3 (after he walked away from the scene of the first incident and was told to stop, Hall ran out of the officer's line of sight; when officers attempted to take custody of Hall during the second incident, he fled, jumped over a fence and went into a backyard before being apprehended).  Given this evidence, Hall cannot establish that there is a reasonable probability that the outcome of the proceedings would have been different, namely, that he would have been acquitted had he gone to trial.  Strickland, 466 U.S. at 694.  Moreover, the absence of a "plausible chance of an acquittal at trial" makes it "highly likely" that Hall would have accepted the Plea Agreement rather go to trial, since it resolved his criminal liability for possession of firearms by a convicted felon for the entire period of September 18, 2016 to February 19, 2017.  Lee v. United States, 137 S. Ct. 1958, 1966 (2017) ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one.").

In light of the foregoing, Hall's claim of ineffective assistance of counsel in Ground One fails.

C. *Hall's other claims.*

As noted above, the government argues that Hall's claims in Grounds Two, Three and Four are barred by procedural default.  The government argues that Hall "cannot show 'cause' for failing

13

to raise an asserted *Rehaif* error, and futility is no defense." See Government's Response [D.E. 10 at 13]. The government also argues that "Hall cannot show actual prejudice" because, given the facts that the government was prepared to prove (as set forth in the Stipulated Facts and discussed above), "a reasonable jury could have inferred that Hall knew of his prohibited status . . . ." Id. at 13-15 (citations omitted). Finally, the government argues that Hall cannot show the requisite "factual innocence" to overcome the procedural default bar. Id. at 15. Rather than recommend denial of the Motion to Vacate as to Grounds Two, Three and Four on this basis, the undersigned considers the merits of the claims.

In Grounds Two and Three, Hall argues that his conviction was obtained from a guilty plea that was not knowing, voluntary and intelligent, and that Rule 11 violations occurred in the course of his change of plea hearing. However, Hall's guilty plea was in accordance with the law as it existed at the time, before Rehaif. Moreover, Magistrate Judge Brannon thoroughly probed Hall's decision to plead guilty and scrupulously complied with the requirements of Rule 11. See Plea Transcript [D.E. 8]. Therefore, there is no error in Hall's pre-Rehaif guilty plea.

Additionally, there is no basis for Hall's claim of factual innocence in Ground Four. Hall does not contend that he did not possess the firearms after having been convicted of multiple felonies. What he claims is that "he did not admit guilt to the essential elements" of the felon-in-possession charges because "during the time of arrest he did not know his rights were not restored." See Motion to Vacate [D.E. 1 at 8]. This assertion is directly contradicted by Hall's admission in the Stipulated Facts that he "is prohibited from possessing a firearm because he is a convicted felon and has not had his civil rights restored." See Stipulated Facts [Case 17-80056, D.E. 22 at 5]. Therefore, Hall's factual innocence claim in Ground Four also fails.

In light of the foregoing, the undersigned concludes that Grounds Two, Three and Four

provide no basis for granting Hall's Motion to Vacate.

## **RECOMMENDATION**

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Hall's Motion to Vacate be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 26th day of October, 2020.

/s/ Alicia O. Reyes
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

United States District Robin L. Rosenberg
AUSA Daniel E. Funk

Copy provided via U.S. Mail to:

Dante Duvail Hall, *pro se* Movant
Reg. No. 15899-104
United States Penitentiary -Beaumont
6200 Knauth Road
Beaumont, Texas 77705